1
2
3
4
5
6

Mathew K. Higbee, Esq., SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite #200
N. Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law

Attorney for Plaintiff,
*Mark Johnson*

7
8
9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

10
11
12
13
14
15
16
17

| | |
|---|---|
| MARK JOHNSON,<br><br>                              *Plaintiff,*<br><br>v.<br><br>KILOMONKEY, LLC d/b/a<br>SNAPPYGOAT.COM.; AARON J. FLIN,<br>individually; and DOES 1 through 10<br>inclusive,<br><br>                              *Defendants.* | Case No. 4:25-cv-1740<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

18
19
20

     Plaintiff Mark Johnson, by and through his undersigned counsel, brings this Complaint against Defendants Kilomonkey, LLC d/b/a SnappyGoat.com; Aaron J. Flin, individually; and DOES 1 through 10, inclusive, and alleges as follows:

21

**NATURE OF THE ACTION**

22
23
24

     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

**PARTIES**

25
26

     1.     Plaintiff Mark Johnson ("Johnson") is an individual and professional photographer.

27
28

     2.     Upon information and belief, Defendant Kilomonkey, LLC d/b/a SnappyGoat.com ("Kilomonkey") is a limited liability company organized and

existing under the laws of the state of California and doing business in the state of California. Defendant is or has operated a business location at 1349 Brewster Drive, El Cerrito, California 94530.

3.      Upon information and belief, Defendant Aaron J. Flin ("Flin") is an individual residing and/or transacting business in the State of California and is, or was at all relevant times, the principal officer or owner of the Defendant business entity named in this Complaint (Kilomonkey, LLC).

4.      The true names and capacities of Defendants Does 1 through 10, are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in a material capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this Complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5.      For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7.      This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of California and/or Defendants transact business in the State of California.

8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which Defendants reside; and/or

COMPLAINT

this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## DIVISIONAL ASSIGNMENT

9.     Pursuant to L.R. 3-2(c), the Oakland Division is the proper division to assign this matter in that this matter arose in Contra Costa County.

## FACTUAL ALLEGATIONS

10.    Mark Johnson is a professional photographer who specializes in outdoor, on-location photography – primarily waves and coastal scenes; travel; sports; and nature photography. *See* https://www.markjohnson.com/about/.

11.    Johnson creates and licenses his work for a fee.

12.    Johnson's client list includes Microsoft Corp.; General Mills; Time Life, Inc.; Marriott International Corp.; *The New York Times*; and Cambridge University Press, and mediums such as Conde Naste Traveler; Time; National Geographic World; and D'Oro Collection (Italy) have published his photography.

13.    Johnson's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Johnson's work is intended to deter would-be infringers from copying and profiting from his work without permission.

14.    Johnson is the sole author and exclusive rights holder to a photograph of an ocean shoreline at sunrise ("Johnson Photograph").

15.    Attached hereto as Exhibit A is a true and correct copy of the Johnson Photograph.

16.    Johnson registered the Johnson Photograph with the United States Copyright Office under Registration Number VA 2-093-583 with an Effective Date of Registration of December 11, 2017.

17.    Attached hereto as Exhibit B is a true and correct copy Registration No. 2-093-583.

18.    The Johnson Photograph appears on Johnson's photography website ("Johnson Photography Website"), Mark A. Johnson Photography, found at https://www.markjohnson.com/ and includes copyright information showing Mark Johnson is the copyright holder of the Johnson Photograph.

19.    Attached hereto as Exhibit C is a true and correct copy of a screenshot of the Johnson Photograph with Johnson's copyright information as it appears on the Johnson Photography Website.

### *Defendants Kilomonkey and Flin*

20.    Upon information and belief, Defendant Kilomonkey is a business that provides a searchable database for curated collections of images.

21.    According to Paragraph 1.9 of Kilomonkey's Terms of Use, Kilomonkey provides "Public Domain Content" that users are free to download and use, and Kilomonkey has used reasonable efforts to confirm the "public domain" status of all content. *See* https://snappygoat.com/terms.html#,0,375.

22.    Upon information and belief, at all relevant times, Defendant Flin is, or was, the principal officer, owner, or member of Defendant Kilomonkey, LLC.

23.    Upon information and belief, Defendants Kilomonkey and Flin control and manage the website Snappy Goat located at https://snappygoat.com/ ("Snappy Goat Website").

24.    Defendants Kilomonkey and Flin generate content on the Snappy Goat Website for commercial purposes to attract user traffic to the Snappy Goat Website, to market and promote Kilomonkey's services, and to increase the customer base and revenue for Kilomonkey.

25.    At all relevant times, the Snappy Goat Website was readily accessible to the general public throughout California, the United States, and the world.

26.    At all relevant times, Defendant Kilomonkey and Defendant Flin had the ability to supervise and control all content on the Snappy Goat Website.

27.     At all relevant times, Defendant Kilomonkey and Defendant Flin had a direct financial interest in the content and activities of the Snappy Goat Website (including the activities alleged in this Complaint).

28.     At all relevant times, the Defendants named in this Complaint (including Kilomonkey and Flin) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

### Defendants Willful, Unauthorized Use of the Johnson Photograph

29.     On or about February 21, 2022, Johnson discovered his Johnson Photograph was stored on the Snappy Goat Website server ("Snappy Goat Website Server") and was uploaded to the Snappy Goat Website and made available for downloading as a "Free Image" in the public domain.

30.     Attached hereto as Exhibit D are true and correct screenshots of searches returning results for the Johnson Photograph as used on the Snappy Goat Website and as stored on the Snappy Goat Website Server.

31.     Johnson did not provide Defendants with permission or authorization to use, make a copy of, or publicly display the Johnson Photograph on the Snappy Goat Website or store a copy of the Johnson Photograph on the Snappy Goat Website Server.

32.     In no event did Johnson provide Defendants with a license to use or display the Johnson Photograph in any manner.

33.     After discovering the unauthorized use of the Johnson Photograph, Johnson, through counsel, sent cease and desist correspondence with a proposed settlement offer to Defendant Kilomonkey on or about March 1, 2022 and followed up on the correspondence through April 7, 2022.

34.     Defendant     Kilomonkey     responded     to     the     cease-and-desist correspondence via its counsel on or about April 7, 2022.

35.    Johnson's counsel communicated with Defendants' counsel from April 2022 through July 2024, but the parties were unable to resolve this matter.

36.    The purpose of the use of the Johnson Photograph on the Snappy Goat Website was to place a high-quality, purposefully selected, and professionally produced photograph among a selection of other professionally produced photographs to create an aesthetic, visually inviting presentation of a curated collection of photographic content.

37.    The purpose of the use of the Johnson Photograph on the Snappy Goat Website was also to help support Defendant Kilomonkey and Defendant Flin's marketing goals to entice users to download photographs from the Snappy Goat Website and act as a draw to navigate to pages that offer links and coupons for discounts to third-party stock photography companies where the Snappy Goat Website user could then navigate to those third-party stock photography websites and download content, and Kilomonkey would then receive kickbacks from the third-party stock photography companies for the downloaded content.

38.    Defendants (including their employees, agents, contractors, or others over whom they have responsibility and control) created an unauthorized copy of the Johnson Photograph and caused it to be uploaded to, displayed on, and distributed from the Snappy Goat Website and caused it to be stored on the Snappy Goat Website Server.

39.    Defendants (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, distributed, and otherwise held out to the public Johnson's original and unique Johnson Photograph to act as a draw to the Snappy Goat Website in order to acquire a direct financial benefit, through the user navigating to the revenue producing areas of the Snappy Goat Website where Defendants would receive revenue from kickbacks from the licensing of photographs from other stock photography companies.

40.    Defendants willfully infringed upon Johnson's rights in his copyrighted Johnson Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license, permission, or authorization to use the Johnson Photograph and offer it to others to download.

41.    In addition, Defendants' conduct was willful because Defendants did not make reasonable efforts to determine that Johnson Photograph was owned by Johnson and made the Johnson Photograph available to others as a photograph in the public domain.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    Plaintiff owns a valid copyright in the Johnson Photograph.

44.    Plaintiff registered the Johnson Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

45.    Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) copied, publicly displayed, and distributed Plaintiff's unique and original Johnson Photograph without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

46.    Defendants willfully infringed upon Plaintiff's rights in his copyrighted Johnson Photograph in violation of Title 17 of the U.S. Code.

47.    As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

48.    As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c).

49.    As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

50.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

51.    Plaintiff Mark Johnson hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Johnson Photograph by copying, displaying, and distributing it without a license or consent;

- For a finding that Defendants' conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c); and

- For any other relief the Court deems just and proper.

COMPLAINT

1

Dated: February 19, 2025                          Respectfully submitted,

2
                                                  **/s/ Mathew K. Higbee**
3                                                 Mathew K. Higbee, Esq.
                                                  SBN 241380
4                                                 **HIGBEE & ASSOCIATES**
                                                  3110 W. Cheyenne, Suite #200
5                                                 N. Las Vegas, NV 89032
                                                  (714) 617-8350
6                                                 (714) 597-6729 facsimile
                                                  mhigbee@higbee.law
7                                                 *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT